UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| CAMERON CROCKETT | CIVIL ACTION |
| VERSUS | NO: 05-6085 |
| JESSE ROBERTS, COL. PAUL MAREK, AND SOUTHEASTERN LOUISIANA UNIVERSITY THROUGH THE BOARD OF TRUSTEES FOR THE UNIVERSITY OF LOUISIANA SYSTEM | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, Alternatively, Motion for Summary Judgment filed by the defendants, Jesse Roberts, Colonel Paul Marek, and Southeastern Louisiana University through the Board of Trustees for the University of Louisiana System (Doc. #69) is **GRANTED**, and the complaint is **DISMISSED**.

## BACKGROUND

Plaintiff, Cameron Crockett ("Crockett"), was employed as an officer with the Southeastern Louisiana University Police Department, and was a tenured civil servant with the Louisiana Department of State Civil Service. Defendant Paul Marek ("Marek") was Crockett's direct

supervisor and defendant Jesse Roberts ("Roberts") was the human resources director for Southeastern Louisiana University ("SLU").

In 1997, Crockett was terminated from the SLU Police Department, but that termination was rescinded in 1998 with a consent judgment that provided that plaintiff would return to his full employment, rank, and seniority, and that the disciplinary action would be expunged from his record. Crockett alleges that defendants have continued to take unwarranted disciplinary action and to retaliate against him. Crockett alleges that he was wrongfully denied promotion to the rank of sergeant on multiple occasions, that he filed a grievance in 2005 regarding the promotion denial, and that he was then subjected to unwarranted disciplinary actions.

On May 10, 2005, the SLU police department received a report about an alleged sexual assault. Crockett was on duty, but not involved in the investigation. However, he took it upon himself to attempt to identify the alleged victim. On June 7, 2005, a disciplinary hearing was held regarding Crockett's unauthorized actions concerning the investigation into the alleged sexual assault. Prior to the hearing, Crockett photocopied documents at the SLU police station and gave them to his attorney. He claims that on July 8, 2005, he was advised that he was being investigated for copying those records, but that the other two employees present were not being investigated, and that the same day he developed a "serious health condition" for which he sought medical attention. Crockett contends that another disciplinary hearing was set for August 3, 2005, and that he protested because he was still under the doctor's care. Crockett alleges that Roberts gave him the choice of presenting a written statement instead of having a hearing, or waiving the 60 day time limitation for a hearing. According to Crockett, the extension of the time was not pursued and he, under doctor's

orders, did not attend the hearing on August 3, 2005. At the hearing, Crockett was suspended for 2 weeks. Thereafter, Crockett was informed that his pay records had been reviewed and he was docked for times that he was on duty but believed to be attending a college class in 2004. On August 24, 2005, another hearing was held and Crockett was suspended for another 30 days. Crockett alleges that he was not notified of this hearing and did not have the opportunity to be heard. In December 2005, Crockett left his post without permission. Because this was Crockett's third disciplinary incident within 9 months, Crockett's employment was terminated on February 8, 2006. Crockett appealed his suspension and termination to the Civil Service Commission, which found that there was just cause for his termination due to his unauthorized investigation into the alleged sexual assault, copying of policy records, and leaving his post. The Civil Service Commission also found that Crockett was afforded proper due process in the events that preceded his suspension and termination. Crockett did not timely appeal the Civil Service Commission's decision.

Crockett filed this suit on November 25, 2005 claiming that the defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq*., by depriving him of the terms, conditions, and privileges of his employment due to his exercise of his rights under that law. Crockett also asserted claims under 42 U.S.C. § 1983, alleging that the suspensions constituted a taking of his property under the color of state law, the defendants violated his first amendment rights because they tried to punish him for using the SLU grievance policy, the defendants violated the equal protection clause because he was not treated equally to other similarly situated employees, and the defendants violated the due process clause because they secretly initiated several investigations

in violation of the Louisiana Police Officer's Bill of Rights, Louisiana Revised Statutes § 40:2531. Further, plaintiff asserted claims for breach of contract and abuse of right under Louisiana law.

Defendants filed a motion to dismiss pursuant to Rule 12(c), or alternatively a motion for summary judgment, arguing that Crockett's claims should be dismissed pursuant to Eleventh Amendment and/or qualified immunity, a Louisiana law prohibiting lawsuits against certain defendants, and *res judicata.*

## ANALYSIS

**1.  Legal Standard**

**A.  Rule 12(c) of the Federal Rules of Civil Procedure**

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The district court may not look beyond the pleadings, but the court may refer to documents attached to the complaint. See Hicks v. Parker, 2009 WL 2762302 (5th Cir. 2009).

**B.  Summary Judgment**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to

judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2. Defendants' Motion**

    **A. The Civil Service Commission and *Res Judicata* Regarding Crockett's Louisiana Law Claims for Breach of Contract and Abuse of Right**

Defendants argue that the Civil Service Commission has exclusive authority over this matter to the extent that it involves certain employer/employee actions, such as Crockett's suspension and termination and his claims for reinstatement of pay and benefits.  Also, they contend that those aspects of this suit are barred by *res judicata* because the Civil Service Commission has already ruled upon these issues, and no appal was taken from that ruling.

Crockett argues that the Civil Service Commission's decision is not entitled to *res judicata* because there is no final judgment from a Louisiana state court.

Article X of the Constitution of the State of Louisiana grants the Civil Service Commission "exclusive jurisdiction over classified civil service employer-employee disputes that are employment related." Akins v. Housing Authority of New Orleans, 856 S.2d 1220, 1221 (La. Ct. App. 2003), writ denied, 861 So.2d 564 (La. 2003). The district courts cannot have concurrent jurisdiction over these matters because "the orderly fashion of resolving employer-employee related disputed would be disrupted if employees were allowed to forum shop between the Civil Service Commission and the courts." Id. A final decision of the Civil Service Commission is appealable to the court of appeal wherein the commission is located, and the appeal must be filed within thirty calendar days after the decision becomes final. LA. CONST. art. X, § 12. If an appeal is not timely filed in the appropriate appellate court, the Civil Service Commission's decision becomes final. See Thomas v. Dep't of Corr., 430 So.2d 1153, 1157 (La. Ct. App. 1983).

Pursuant to 28 U.S.C. § 1738, the "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . ." Section 1738 requires federal courts to give the same preclusive effect to state court judgments, and quasi-judicial administrative decisions, that those judgments would be given in the courts of the state from which those judgments came. Kremer v. Chem. Const. Corp., 102 S.Ct.. 1883, 1889 (1982). In Kremer the Supreme Court of the United States established a two-part inquiry for determining whether to apply *res judicata* to a state administrative proceeding. Id. at 1896-97. The court must determine: (1) whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action; and, (2) whether the party against

6

whom preclusion is asserted had a full and fair opportunity in the state proceedings to litigate the claims. Id.

The Louisiana law regarding the preclusive effects of the Civil Service Commission's decision on Crockett's claims regarding his termination and for reinstatement of pay and benefits asserted in this suit is found in Louisiana Revised Statutes § 13:4231. La. Rev. Stat. § 13:4231 provides that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." Crockett's claims regarding breach of contract and abuse of right clearly arose out of the same transaction or occurrence as those litigated in front of the Civil Service Commission. Here Crockett claims that he had a contract right in his employment, his suspension was not for "just cause," and that he did not violate the police department's confidentiality policy. All of those issues arise out of Crockett's suspension and termination, which were litigated before of the Civil Service Commission. Therefore, the first prong of the test is met.

The second part of the test requires a determination of whether minimum due process requirements were satisfied in the Civil Service Commission proceedings. A review of the Civil Service Commission's decision shows that Crockett was able to present his case at a public hearing, with the assistance of counsel, and afforded the opportunity to submit a post-hearing brief. Therefore, the plaintiff was afforded a full and fair opportunity to litigate his claims regarding his suspension and termination before the Civil Service Commission and the Louisiana state courts.[1]

---

[1] Although Crockett chose not to file an appeal with the appropriate appellate court for the State of Louisiana, he had the opportunity to do so.

Because there is no failure of due process, and the state law would preclude the claims stated in the federal complaint, Crockett's claims regarding his suspension and termination, and his claims for reinstatement of pay and benefits, are barred by *res judicata,* and such claims are DISMISSED.[2]

    **B.**    **State of Louisiana Eleventh Amendment Immunity**

Crockett asserted claims under the FMLA and § 1983, against SLU through the Board of Trustees for the University of Louisiana System.[3] Pursuant to La. Rev. Stat. § 17:3351(A)(1), the management board of a Louisiana university is a corporate entity that has the power to sue and be sued. A suit against the board of a Louisiana university is a claim against the State of Louisiana, and such claims are barred by the Eleventh Amendment. Scott v. Board of Supervisors of La. State Univ. and Agric. and Mechanical College, 336 F.2d 557, 558-59 (5th Cir. 1964). The Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities, unless the state has waived its sovereign immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999) (citing Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986)); Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

---

[2] Crockett's FMLA claims and § 1983 claims for damages are not barred by *res judicata* because Civil Service Commission is not able to award damages. See Frazier v. King, 873 F.2d 820, 825 (5th Cir. 1989) (citing Robertson v. Popeye's Famous Fried Chicken, 524 So.2d 97 (La. Ct. App. 1988), writ denied, 526 So.2d 808 (La. 1988)).

[3] Crockett agrees that SLU is not the proper party. The proper party is the Board of Supervisors of the University of Louisiana System. Crockett improperly named SLU through the Board of Trustees for the University of Louisiana System. It is evident that he intended to name the Board of Supervisors of the University of Louisiana System. Thus, the court will consider the motion on the merits.

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See LA. REV. STAT. ANN. §13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting §1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (internal quotations and citations omitted). Further, sovereign immunity applies to suits regarding subsection "D" of the FMLA, 29 U.S.C. § 2612(a)(1)(D), which guarantees eligible employees 12 workweeks of leave during any 12 month period because of a serious health condition that makes the employee unable to perform the functions his or her employment. Nelson v. Univ. of Tx., 535 F.3d 318, 320-21 (5th Cir. 2008). The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature. Id. at 280 (citing Koehler v. United States, 153 F.3d 263, 267 (5th Cir. 1998)). Therefore, all of Crockett's claims against the Board of Supervisors of the University of Louisiana System are barred by the Eleventh Amendment immunity, and those claims are DISMISSED.

### C. Defendants Marek and Roberts and Crockett's § 1983 and FMLA Claims

Crockett asserts claims under § 1983 and Louisiana law against defendants Marek and Roberts. In his complaint, Crockett alleges that Marek was his direct supervisor at the SLU Police Department and that Roberts was the human resources director for SLU. Therefore, defendants Marek and Roberts were employed by the Board of Supervisors of the University of Louisiana System. Defendants argue that as employees of the Board, they cannot be sued in their official

capacities. They also argue that they are entitled to qualified immunity for any claims made against them in their individual capacities.

Crockett argues that defendants Marek and Roberts are not entitled to Eleventh Amendment immunity because they are liable for their personal wrongdoings. Further, Crockett argues that defendants Marek and Roberts are not entitled to qualified immunity because their actions were not objectively reasonable. Specifically, Crockett argues that it was unreasonable for Marek to retaliate against him for appealing disciplinary actions against him by failing to promote him and instituting a series of petty disciplinary action such as punishing him for copying police records and giving them to his lawyer. Also, Crockett argues that it was not objectively reasonable for Roberts to act as the investigator, prosecutor, judge, and jury in attempting to remove Crockett from his employment and for her to hold a disciplinary hearing against him while he was on FMLA leave. Finally, Crockett argues that Roberts is liable in her individual capacity for violating the FMLA.

### I. Official Capacity

A suit against defendants Marek and Roberts in their official capacities is equivalent to a suit against the entity with whom they are employed, i.e. the Board of Supervisors of the University of Louisiana System. Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985). As stated above, the Board is considered an arm of the state for Eleventh Amendment purposes and any judgment against it or its subdivisions would be paid from state funds. Scott, 336 F.2d at 558-59. Therefore, any claims against Marek and Roberts in their official capacities are barred by the Eleventh Amendment.

## II.  Individual Capacity

Plaintiff's §1983 claims against Marek and Roberts in their individual capacities, and his FMLA claim against Roberts in her individual capacity, are subject to the affirmative defense of qualified immunity. 42 U.S.C. §1983; Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018 (1978). "A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." Atteberry v. Nocona Gen'l Hosp., 430 F.3d 245, 253 (5th Cir. 2005)(citation omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." Club Retro, LLC v. Hilton, 568 F.3d. 181, 194 (5th Cir. 2009) (citing McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). "To discharge this burden [upon a motion to dismiss,] a plaintiff must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." Atteberry, 430 F.3d at 253; see also Stokes v. Gann, 498 F.3d 483, 484 (5th Cir. 2007).

Here, Marek and Roberts are entitled to qualified immunity as to Crockett's § 1983 claims. Crockett claims that Marek and Roberts are liable to him under § 1983 for depriving him of a property right in his continued employment by suspending him without a sufficient hearing, punishing him for exercising first amendment rights by instituting disciplinary proceedings, treating

him differently than other similarly situated employees by punishing him for certain actions, and violating his due process rights by not adhering to the Louisiana Police Officer's Bill of Rights. The actions of Marek and Roberts that form the basis for Crockett's § 1983 claims have been reviewed by an impartial adjudicatory body, the Civil Service Commission. The Civil Service Commission found that their actions were objectively reasonable, and concluded that Crockett was terminated for cause and afforded all proper due process. Therefore, Marek and Roberts are entitled to qualified immunity as to Crockett's § 1983 claims against them in their individual capacities, and such claims are DISMISSED.

Further, Roberts is entitled to qualified immunity as to Crockett's FMLA claim against her in her individual capacity. The FMLA permits eligible employees working for covered employers to take a reasonable leave of absence for certain listed reasons, including personal illness, without fear of losing their jobs. 29 U.S.C. § 2601, *et seq.* Under the FMLA, an "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." Id. at § 2611(4)(A)(ii). In Modica v. Taylor, 465 F.3d 174, 184 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit held that "if a public employee 'acts, directly or indirectly, in the interest of an employer,' he satisfies the definition of employer under the FMLA, and therefore, may be subject to liability in his individual capacity." As a human resources manager, Roberts may have individual liability for her actions regarding Crockett's FMLA leave. However, a public employee is entitled to qualified immunity if her acts are "objectively reasonable in light of then clearly established law." Atteberry, 430 F.3d at 253. Robert's alleged actions regarding Crockett's FMLA claim occurred in 2005. Prior to the United States Court of Appeals for the Fifth

12

Circuit's 2006 decision in Modica, "individual public liability [was] the subject of much debate amount the courts of appeals," Modica, 465 F.3d at 188. Thus, the law as to Robert's potential individual liability for FMLA violations was not clearly established at the time of the events giving rise to Crockett's complaint. Thus, Roberts is entitled to qualified immunity as to Crockett's FMLA claims against her in her individual capacity, and such claims are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, Alternatively, Motion for Summary Judgment filed by the defendants, Jesse Roberts, Colonel Paul Marek, and Southeastern Louisiana University through the Board of Trustees for the University of Louisiana System (Doc. #69) is **GRANTED**, and the complaint is **DISMISSED**.

New Orleans, Louisiana, this  25th  day of March, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**